UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AT&T Corp.,<br><br>             Plaintiff,<br>v.<br><br>From You Flowers, LLC,<br><br>             Defendant. | Civil Action No.<br>3:18 - CV - 1914 (CSH)<br><br><br>November 27, 2018 |

### ORDER REGARDING SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

Plaintiff AT&T Corp. ("AT&T") brings this action against Defendant From You Flowers, LLC ("From You Flowers"), asserting that Defendant has failed to pay for services provided by AT&T in the amount of $154,300.73, in breach of the Master Agreement and other contracts entered between the parties. Doc. 1 ("Compl.") ¶¶ 6–11.

In the Complaint, Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(2). Compl. ¶ 3. That statutory provision states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the

1

United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2) (2016).

Reviewing the Complaint, however, the Court finds that the Plaintiff has failed to allege sufficient facts from which this Court may determine the citizenship of the parties for purposes of diversity of citizenship jurisdiction. Therefore, as set forth *infra,* the Court must ascertain whether subject matter jurisdiction exists or this case should be dismissed for lack thereof. It thus follows that Plaintiff must make additional submissions so the Court may consider the existence *vel non* of its subject matter jurisdiction.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction under Article III, Section 2, of the United States Constitution. *See*, *e.g.*, *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940), *reh'g denied*, 309 U.S. 695 (1940). The question of subject matter jurisdiction is fundamental so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (2016); or (2) there exists

"diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a) (2016). *See also Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

Unlike personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3), *Lussier*, 211 F.3d at 700–01. *See also, e.g.*, *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action . . . for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . . .") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))*; Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). Moreover, such diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). *See also Wolde-Meskel v. Vocational Instruction*

*Project Comm. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule.").

In the case at bar, there appears to be no basis for the Court to exercise "federal question" jurisdiction—*i.e.*, no claim arising under the Constitution or federal law. *See* 28 U.S.C. § 1331 (2016). Plaintiff has brought state law claims of breach of contract and quantum meruit. Compl. ¶¶ 12–23. Consequently, Plaintiff's sole asserted jurisdictional basis is "diversity of citizenship." *Id.* ¶ 3. Plaintiff declares that AT&T "is a corporation organized and existing under the laws of New York. Its principal place of business is located at One AT&T Way, Bedminster, New Jersey 07921." *Id.* ¶ 1. As for From You Flowers, it is a "foreign limited liability company registered to do business in Connecticut with its registered business address located at 143 Mill Road East, Old Saybrook, Middlesex County, Connecticut 06475." *Id.* ¶ 2.

In addition, to invoke "diversity of citizenship" jurisdiction, there must be a minimum amount in controversy exceeding "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (2016). The burden is on the plaintiff to allege in good faith that it sustained the mandatory minimum in damages. *See, e.g.*, *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.") (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must "appear on the face of the complaint or be established by proof." *Miller v. European Am. Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996).

**B.     Citizenship of the Parties**

Examining the Complaint, Plaintiff has sufficiently alleged its own citizenship, but not Defendant's citizenship for diversity purposes. Plaintiff is a citizen of both New York and New Jersey. Compl. ¶ 1; *see* 28 U.S.C. § 1332(c)(1) (2016) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

However, Plaintiff states that Defendant is a "limited liability company." Compl. ¶ 2. "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006), *cert. denied*, 549 U.S. 1047 (2006). That means that the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1–2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) and remanding removed action for lack of diversity jurisdiction).

If, for example, a limited liability company has members who are individuals, the citizenship of those particular individuals is attributed to the limited liability company. An individual's citizenship is determined by his domicile, which is "his true, fixed and permanent home and place of habitation"—*i.e*, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983) (citation and internal quotation marks omitted). *See also Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000) (An individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to residence, because "[a]t any given time, a person has but one domicile."); *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194,

199 (2d Cir. 1967) ("[I]t has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.").

Moreover, with respect to an alien litigant's citizenship for purposes of "diversity of citizenship," rather than domicile alone, federal courts focus on "official immigration status." *Mor v. Royal Caribbean Cruises Ltd.*, No. 12 Civ. 3845(JGK), 2012 WL 2333730, at *1 (S.D.N.Y. June 19, 2012) (collecting cases). In particular, an alien who has been accorded lawful permanent residence from the United States, *i.e.*, has obtained a "green card," is considered a citizen of the state in which he is domiciled. In contrast, one who is admitted into the United States on a temporary, non-immigrant visa, *e.g.*, as a temporary visitor for business or pleasure, is an alien for purposes of citizenship. *See*, *e.g.*, *Mor*, 2012 WL 2333730, at *2 (citing *Kato*, 927 F. Supp. at 715–17).

If a member of the limited liability company is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), its citizenship "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A corporation's principal place of business under § 1332 is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)). "In practice, this should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center.'" *OneWest Bank,* 827 F.3d at 218 (citing *Hertz*, 559 U.S. at 93) (internal quotation marks omitted).

Alleging that Defendant is "registered to do business" in Connecticut is insufficient to establish Defendant's citizenship. *See* Compl. ¶ 2. Because Defendant is a limited liability company and its citizenship is each of the states in which it has members, *Handelsman*, 213 F.3d at 51–52,

the Court must be informed of the identities and citizenship of its members. Accordingly, Defendant must sufficiently allege that no member of Defendant limited liability company is a citizen of New York or New Jersey to establish diversity under subject matter jurisdiction.

## C.     Jurisdictional Amount

Finally, even if diversity of citizenship exists between the parties, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (2016). Plaintiff's allegations that Defendant is "indebted to AT&T for Hosting Services in the amount of $154,300.73" is sufficient to set forth the requisite jurisdictional amount. Compl. ¶ 9. The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel*, 166 F.3d at 63 (citing *Tongkook Am., Inc.*, 14 F.3d at 785–86).

Defendants have not appeared or answered in the action at this time. However, should they attempt to allege "bad faith" with respect to the jurisdictional amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Wolde-Meskel*, 166 F.3d at 63 (citation and internal quotation marks and brackets omitted). "Legal certainty is analyzed by what appears on the face of the complaint; subsequent events—such as a valid defense offered by the defendant, or actual recovery in an amount less than the minimum jurisdictional amount—do not show plaintiff's bad faith or oust the jurisdiction." *Id.* (citation and internal quotation marks and brackets omitted). *See also Scherer*, 347 F.3d at 397 ("[T]he amount in controversy [is measured] as of the date of the complaint" so that "[o]nce jurisdiction has attached, it cannot be ousted by subsequent events.").

## III. CONCLUSION

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Therefore, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS that Plaintiff AT&T establish for diversity purposes, by affidavit, the citizenship(s) of all members of the Defendant, alleged to be a limited liability company, as of the date this action was commenced, on November 26, 2018. That is, Plaintiff must demonstrate the citizenship(s) of each member by submitting an affidavit explicitly setting forth those state(s) of citizenship.

Plaintiff shall file and serve this affidavit on or before **December 18, 2018**. All case deadlines are hereby stayed pending the Court's review of the affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court will dismiss the action without prejudice to Plaintiff filing, if so advised, in an appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
      November 27, 2018

      */s/ Charles S. Haight, Jr.*
      CHARLES S. HAIGHT, JR.
      Senior United States District Judge